**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Rasheka P. Montgomery, | Case No. 9:25-CV-04621-RMG |
| Plaintiff, | |
| v. | **AMENDED** |
| | **ORDER AND OPINION** |
| Budget Rent A Car System, Inc., | |
| Defendant. | |

This matter is before the Court on Plaintiff Rasheka P. Montgomery's motion to compel Defendant's responses to Plaintiff's requests for interrogatories and production. (Dkt. No. 12) For the reasons set forth below, the motion is granted.

## I.    Background

In May 2022, Plaintiff purportedly rented a car at one of Defendant's New York locations on an "open-ended" basis, meaning that the rental period was indefinite and that the cost of the rental would be calculated upon return of the car. While driving the rental car in Jasper County, South Carolina, Plaintiff was stopped by law enforcement and arrested for theft of the car. The criminal charges against Plaintiff were later dropped. (Dkt. No. 1 at 7-9).

Plaintiff filed a complaint against Defendant in the Court of Common Pleas for the 14th Judicial Circuit, Jasper County, South Carolina, for negligence, false imprisonment, defamation, malicious prosecution, and violation of the South Carolina Trade Practices Act. (Dkt. No. 1 at 9-18). On May 2, 2025, Defendant was served with the summons and complaint, as well as Plaintiff's first set of discovery requests for production, admissions, and interrogatories. (Dkt. No. 1 at 23-25). On May 15, 2025, Defendant requested a 30-day extension to file its answer and respond to the discovery requests. Plaintiff granted the extension, noting that the new deadline to respond was

July 2, 2025. (Dkt. No. 12 at 4-5). Subsequently, Defendant requested to remove the case to federal court, filed its answer to the complaint, and responded to Plaintiff's requests for admissions, but not to Plaintiff's requests for production and interrogatories. (Dkt. No. 1 at 1-4, Dkt. No. 4, Dkt No. 12 at 1-2).

In her motion, Plaintiff requests that the Court impose a deadline for Defendant to respond to the outstanding requests. (Dkt No. 12). In response, Defendant contends that Plaintiff's motion was premature under South Carolina rules of civil procedure and requests that the Court restore the initial deadline to respond to discovery that is prescribed by state law or, in the alternative, grant Defendant an extension to make its responses. (Dkt No. 15).

## II.    Legal Standard

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before

[them].") (internal quotation marks omitted).  To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

**III.     Discussion**

Defendant argues that South Carolina Rules of Civil Procedure 33 and 34 give defendants 45 days after service of the summons and complaint to respond to request for interrogatories and production, and an additional five days if service was made by mail. *See* S.C. R. Civ. P. 6(e), 33(a) & 34 (b). Relying on state civil procedure law, Defendant contends that the initial deadline to respond was June 23—not June 2—and that the 30-day extension made the final deadline July 23. Thus, Defendant claims that Plaintiff's July 17 motion was premature. The Court disagrees.

It is well established that once a case is removed to federal court, the case is treated as if it originated in federal court and is governed by the Federal Rules of Civil Procedure. *See Wright v. Cent. States, Se. & Sw. Areas, Health & Welfare Fund*, 440 F. Supp. 1235, 1236 (D.S.C. 1977). *See also* Fed. R. Civ. P. 81(c) (stating that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"). Accordingly, Defendant's reliance on state civil procedure rules is misplaced, as the federal rules provide the proper framework for this Court's analysis. In pertinent part, Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A) provide a party 30 days to respond to requests for interrogatories and production, respectively, and Federal Rule of Civil Procedure 6(d) provides a party with three additional days to make a response if service was made by mail. Here, once Defendant removed the case to federal court, it was then allotted 33 days to respond to Plaintiff's discovery request. With the additional 30-day extension from Plaintiff, the response was due on July 7. Thus, under federal law, Plaintiff's July 17 motion was not premature.

Nevertheless, the parties agree that Defendant needs additional time to file its responses, and the Court does not believe that allowing Defendant additional time to respond would be improper or prejudicial. The Court orders that Defendant provide responses to Plaintiff's requests for interrogatories and production within 15 days of this Order. *See generally Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("[D]istrict courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (citation and punctuation omitted).

## IV.     Conclusion

In light of the foregoing, Plaintiff's motion to compel is **GRANTED**. Defendant is **ORDERED** to provide responses to Plaintiff's request for interrogatories and production within 15 days of this Order.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

August 12, 2025
Charleston, South Carolina